■ In the Matter of BERNARD H. LA LONE, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD

JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent was admitted to practice by this court in 1955 and maintained an office in the Village of Millbrook, Dutchess County.

By decision and order dated August 8, 1991, this court granted a motion by petitioner, the Committee on Professional Standards, pursuant to Judiciary Law § 90 (4) (f), to suspend respondent from the practice of law by reason of his February 14, 1991 conviction in Chenango County Court of the misdemeanors of forgery in the third degree (Penal Law § 170.05) and petit larceny (Penal Law § 155.25). The suspension was made effective immediately and until a final disciplinary order was entered pursuant to Judiciary Law § 90 (4) (g). Prior to the entry of such a final order, respondent made the instant application to resign from the practice of law.

Respondent's pleas of guilty were in full satisfaction of two multicount indictments accusing him of, among other things, the unauthorized cashing of checks and an unauthorized withdrawal from a money market account. Respondent was given concurrent sentences on both convictions of three years' probation and was incarcerated for 40 days in the Chenango County Correctional Facility. He was also ordered to make restitution to two victims, in the amounts of $21,210.73 to Butcher & Sons, Inc., and $4,500 to Rock Royal Cooperative, Inc., and the court imposed 5% surcharges on both amounts. Finally, respondent was ordered to withdraw a bill for legal services he had previously submitted to Butcher & Sons, Inc.

Pursuant to section 806.8 of this court's rules (22 NYCRR 806.8) an attorney who is the subject of a disciplinary proceeding may resign by tendering to this court his resignation together with an affidavit stating that he wishes to resign and that he is acting freely and voluntarily and is fully aware of the consequences of his resignation, that he is aware of the pending disciplinary proceeding concerning allegations of misconduct and the nature of which are specifically set forth in the affidavit, and that he does not contest the allegations of professional misconduct and recognizes that his failure to do so precludes him from asserting his innocence of the professional misconduct alleged. Respondent has submitted an affidavit complying with the requirements of section 806.8 and petitioner does not oppose the resignation.

In view of the above circumstances, respondent's resignation is accepted and he is disbarred, effective immediately (see, 22 NYCRR 806.8 [b]).

Mahoney, P. J., Weiss, Yesawich Jr., Mercure and Crew III,

JJ., concur. Ordered that respondent's application to resign is granted and he is disbarred as an attorney and counselor-at-law, effective immediately; and it is further ordered, that respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or agent, or as clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice with relation thereto; and it is further ordered, that respondent shall comply with the provisions of section 806.9 of the rules of this court regulating the conduct of disbarred, suspended or resigned attorneys.